IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MELISSA A. HALEY,

         Plaintiff,

    v.

DEPARTMENT OF CORRECTIONS, COFFEE CREEK CORRECTIONAL FACILITY, and VENDOR ICSOLUTIONS,

         Defendants.

Case No. 3:23-cv-00945-AN

ORDER TO DISMISS

NELSON, District Judge.

    Plaintiff, incarcerated at the Coffee Creek Correctional Facility, brings this civil rights action pursuant to 42 U.S.C. § 1983. In a separate Order, the Court granted Plaintiff leave to proceed *in forma pauperis*. However, for the reasons set forth below, Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2).

## BACKGROUND

    Plaintiff alleges that the telephone system available to Adults in Custody at her prison is not reliable. She claims that in November of 2022, Defendants informed her that she and her contacts would have to register to use the phone system. According to the Complaint, Defendants

never provided such a notice to her contacts, placing the burden on her to personally notify these individuals of the registration requirements. Plaintiff states that after Christmas of 2022, all of her contacts were deleted leaving her unable to get on the phone to her family and friends. This allegedly caused her emotional distress and creates what she perceives to be an unhealthy rehabilitation environment. She asks the Court to require the Oregon Department of Corrections terminate its contract with the phone service provider, ICSolutions. She also asks the Court to award her monetary damages of an undisclosed amount.

## **STANDARDS**

Pursuant to 28 U.S.C. § 1915A(a), the Court is required to screen prisoner complaints seeking relief against a governmental entity, officer, or employee and must dismiss a complaint if the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). In order to state a claim, Plaintiff's Complaint must contain sufficient factual matter which, when accepted as true, gives rise to a plausible inference that Defendants violated her constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556-57 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Dismissal for failure to state a claim is proper if it appears beyond doubt that Plaintiff can prove no set of facts in support of her claims that would entitle her to relief. *Ortez v. Washington County*, 88 F.3d 804, 806 (9th Cir. 1996); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993). Because Plaintiff is proceeding *pro se*, the Court construes her pleadings liberally and

affords her the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Ortez*, 88 F.3d at 806.

## DISCUSSION

A plaintiff wishing to bring a cause of action pursuant to 42 U.S.C. § 1983 must demonstrate compliance with the following factors: (1) a violation of rights protected by the Constitution or created by federal statute; (2) proximately caused; (3) by conduct of a person; (4) acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A plaintiff "must plead that each . . . defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under section 1983 arises only upon a showing of personal participation by the defendant" in the alleged constitutional deprivation). In this case, Plaintiff claims that Defendants are in violation of Oregon's regulations, statutes, and Constitution. This is insufficient to state a 42 U.S.C. § 1983 claim.

Not only does Plaintiff fail to allege that Defendants violated any federal law, but she brings suit against entities that are not subject to 42 U.S.C. § 1983 liability. She sues ICSolutions, the company that provides telephone service to AICs at her prison, but private phone service provider at a prison is not a state actor subject to suit pursuant to 42 U.S.C. § 1983. *See* Evans v. Skolnik, 2009 WL 3763041 (D. Nev. 2009), aff'd, 637 Fed. Appx. 285 (9th Cir. 2015) (private phone service provider for state prison not a state actor).

Plaintiff also brings this suit against the Oregon Department of Corrections and the Coffee Creek Correctional Facility. The Eleventh Amendment states: "The Judicial power of the

United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of anther State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. "It is well established that agencies of the state are immune under the Eleventh Amendment from private damages or suits for injunctive relief brought in federal court." *Savage v. Glendale Union High School*, 343 F.3d 1036, 1040 (9th Cir. 2003). Accordingly, both the Oregon Department of Corrections and the Coffee Creek Correctional Facility are immune from this lawsuit.

Even if Plaintiff could amend her Complaint to name an individual state actor who was personally responsible for the registration policies of a private phone service provider, she would still be unable to state a claim upon which relief could be granted. There is no constitutionally protected liberty interest in an AIC's access to a telephone, and while there is a First Amendment right to communicate with persons outside prison walls, the use of a telephone is only one means of doing so. *Valdez v. Rosenbaum*, 302 F.3d 1039, 1048 (9th Cir. 2002). Plaintiff's prison has a telephone system that is available to her. While the process by which she and her contacts must register with that phone provider in order to utilize the service has been frustrating, Plaintiff's claim does not arise to the level of a constitutional infringement.[1] For all of these reasons, Plaintiff's Complaint (#2) is dismissed for failure to state a claim. Because Plaintiff cannot cure all of the deficiencies identified above, the dismissal is without leave to amend, and with prejudice.

---

[1] With respect to individual members of the prison staff, Plaintiff states that she has had help from prison personnel and has used the telephone in the Chaplain's office on dozens of occasions. Complaint (#2), p. 7.

4 - ORDER TO DISMISS

## **CONCLUSION**

Based on the foregoing, IT IS ORDERED that Plaintiff's Complaint (#2) is dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

| 8/8/2023 | *Adrienne Nelson* |
|---|---|
| DATE | Adrienne Nelson<br>United States District Judge |